The opinion of. the Court was delivered by

Mr, Justice Canit.
The plaintiff founds his claim -under a" deed of conveyance, from the sheriff of Sumter district, and the only description given of the premises intended to be conveyed is, “ all that *301 plantation or tract of land lying in Sumter district.” The counsel for the defendant, considering the deed void, on account of the generality of the description, moved for a non-suit; but was overruled, and the plaintiff had a verdict. The same ground is now insisted on.
In a deed, the premises ought to comprehend tbe certainty of the lands or tenements to be conveyed, 4th Comyns Dig. 102; and a grant shall be void if it be totally uncertain; as if a man grant as many trees as can be spared in his manor, or If he g> ant £10 per annum, parcel of his manor, without other certainty, Comyns 302. In both these instances, there is at least as much, if not more of certainty in the description, than Is furnished by the present deed; but inasmuch as it does not' appear what trees can be spared, or from what parcel of the manor the grant of £10 per annum is to issue, such conveyance would be void for uncertainty.
Birchmore, the defendant, owned several tracts of land lying in Sumter Í dstrict; tlio Sheriff conveyed one. — It would be as impossible to say, from the description in the' sheriff’s" deed, which of the tracts of land of Birchmore was intended, as in the instance quoted, to say what trees or what parcel of tile-manor ivas intended. Hence arose the necessity in this case, of resorting to evidence extrinsic to the deed, to ascertain and identify the land.
The sheriff was called upon to give oral evidence of that which ought to have been shewn by his' official deed.1 The execution under which the levy was made he had lost, or so mislaid as that it could not become ati It would be dangerous in tbe extreme, to the best interests of the community, were this exceedingly loose and very incorrect procedure to be upheld’ and supported. Where there are so many materials, from whence to furnish out description, as appertain to lands sold under execution, the omission neither can, or ought to be supplL ed- by oral testimony The certanty required by law should be found in the deed itself, and not sought for aliunde. Had tlie description been “ all that tract of land, lying in South Carolina,” it would have been just as good as that furnished by *302 this deed. True, it might have increased the perplexity of the alienee, to find where it was situated, from the extended limit of the search to be made, but in point of legal certainty, ifc: would have been precisely the same. I am of opinion that the motion for a non suit should prevail, and the postea is to be de* livered to the defendant.
Hesaussure, for motion.
Miller, contra.
JVott, and Huger, Justices, concurred1. ■